The opinion of the court was delivered by
Tilghman, C. J.
This is an action for money had and received,&c. The state of the case is as follows. On the 5th July, 1818, William A. Field, deceased, covenanted with the plaintiff, that in order to liquidate a debt of about 2,500 dollars, which he owed him, he would ship goods to the amount of 2,500 dollars, out of the commissions which the said Field was to receive, as supercargo of the ship America, about to sail on a voyage from the United States to the East Indies and back again, and would consign the said goods to the plaintiff. This shipment was to be on the homeward voyage. And, moreover, the said Field did (by the same instrument of writing,) in case of his death, assign and transfer to the plaintiff, his commissions on the said voyage, and the'proceeds thereof, for the purpose of liquidating the said debt. And on the *415 same day, Ihe said Field gave authority, in writing, to the plaintiff, to effect insurance on his own account, on 2,500 dollars, the commissions of the said Field, and the proceeds thereof, as one of the supercargoes of the ship America, out and home. In pursuance of this authority, the plaintiff on the 15th August, 1818, had insurance made in his own name, in the office of the Philadelphia Insurance Company, on commissions outward, and' goods homeward, to the amount of 2,500 dollars. On the lOtfl July, 1818, Field had insurance effected on his oion account, by the Neio-York Firemen Insurance Company, to the amount of 4000 dollars, upon his commissions as supercargo of the America. And on the 11th of the same month, he wrote a letter to the defendant, in which the New-York policy was inclosed. It was proved by parol evidence, that some time prior to the making of the insurance in New-York, Field, being indebted to the defendant, had requested him to be his security in a respondentia bond to an Insurance Company in New-York, for 10,000 dollars, and promised, that if the defendant would comply with his request, he would cause insurance to be mdde on his commissions as supercargo of the America, and deposit the policy in the defendant’s hands as security as well for the sum then due to him, as for any loss lohich he might suffer by the resdentia bond. The defendant agreed to join in the respondentia bond, and afterwards did join in it. The America performed the outward voyage in safety, and sailed on her homeward voyage. Field being on board with a quantity of goods, the proceeds of his outward commissions, consigned to the plaintiff The ship was wrecked on the coast of New-Jersey, and Field perished. The plaintiff brought suit in his own name, and for his own use, on the policy underwritten by the Philadelphia Insurance Company, and received 1,700 dollars. The defendant compromised with the New-York Insurance Company, and received the sum of 1800 dollars. When the defendant agreed to become security in the respondentia bondj and received the Neto-York policy in deposit, he was ignorant of the transactions between Field and the plaintiff. The plaintiff was ignorant also of the insurance effected in New-York, and of the transaction between Field and the defendant. The plaintiff contends, that he is entitled to the money received by the defendant on the New-York policy. It is unnecessary to consider all the questions which were discussed in the argument. There are many difficulties in the way of the plaintiff’s recovery, but I shall confine my opinion to a single point, which is decisive. The defendant has the law with him, and his equity is as strong as the plaintiff’s. The New-York policy was never assigned to the plaintiff. He never trusted to it. He did not even know of it till after the death of Field. And, even if he had known, and been entitled to the benefit of it, and suffered it to remain in Field’s possession, in consequence of which it was pledged to the defendant for a valuable consideration, *416 and without notice, the defendant would have had a superior equity. But the deposit of the policy gives the defendant a lien on it at law. It was so held by Lord Mansfield, in the case of Godin v. The London Insurance Company, 1 Burr. 494. The case stands thus then: the defendant has received the money in controversy'', under a legal right, and there is nothing which in equity, or good conscience, can bind him to refund it. .-Consequently, the plaintiff cannot recover.
Judgment for defendant.